IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN SCOTT CONOVER and**
**TINA CONOVER**

    **Plaintiffs**

Vs.                                              Case No.

**TOWN OF GRANT-VALKARIA and**
**MANDY BIRENBUAM, in her official capacity**

    **Defendants**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JOHN SCOTT CONOVER and TINA CONOVER, sue Defendants TOWN OF GRANT-VALKARIA and MANDY BIRENBAUM in her official capacity as permit tech of the Town of Grant-Valkaria, and states:

1. Plaintiff JOHN SCOTT CONOVER ("Mr. Conover") is a resident of Brevard County and is a disabled individual over the age of 65.

2. Plaintiff TINA CONOVER ("Mrs. Conover") is resident of Brevard County and owns property with Mr. Conover. Mrs. Conover is the registered property owner of 42 VIP Island Unit A, a Grant-Valkaria FL 32949.

3. Defendant TOWN OF GRANT-VALKARIA ("Grant-Valkaria") is a incorporated town in Brevard County, Florida located within the Middle District of Florida.

4. Defendant MANDY BIRENBUAM ("Birenbaum") is an agent and employee of Grant-Valkaria and works in the permitting department and assisting in code enforcement. She is sued in her official capacity as agent of Grant pursuant to 42 U.S.C. 1983.

5. The damages in this complaint exceed $100,000 and jurisdiction is proper in this court as all events took place in Brevard County, Florida in the Middle District of Florida. Original jurisdiction vests in this Court as the Complaint is brought pursuant to 42 U.S.C. 1983.

6. Plaintiffs have retained the undersigned as counsel and are entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988.

**COUNT 1-VIOLATION OF 42 U.S.C. 1983- CITY OF GRANT VALKARIA**

7. Plaintiffs re-state and re-allege counts 1-6 as set forth above.

8. On or about July 1, 2022, Plaintiffs applied and paid for a permit for improvements upon their property. Defendants cashed the check for permit and never declined the building permit. However, the City of Grant-Valkaria through their agents have acted to intentionally violate the Plaintiffs' right to the use and enjoyment of their property and have

taken their rights to the property without due process of law. Additionally, Defendant has intentionally refused the application of additional permits owned by Plaintiff on adjacent property. As a direct and proximate result of the refusal to issue permits without valid basis in law, Plaintiffs have suffered damages for loss of sale and diminution of value of the adjacent property owned by Plaintiffs. Damages from this violation are continuing.

9. Defendant Grant-Valkaria through its agent Mandy Birenbaum as permitting clerk have intentionally declined to officially allow the permits and claimed code violations as a result. At all times Defendants have acted under color of law to deprive Plaintiffs of their constitutional right to use and enjoyment of their property as well as deprived them of their property rights guaranteed by the United States Constitution and the Florida Constitution.

10. Through Defendant Grant-Valkaria's violation of 42 U.S.C. 1983 Plaintiffs have suffered damages including diminution of the value of the subject property, inability to sell the property, slander of title to the property, loss of business and profits from adjacent properties as set forth more fully above, and other damages under law.

WHERFORE, Plaintiffs demands judgment against Defendant, a temporary and permanent injunction against Defendant concerning the permit, attorney's fees pursuant to 42 U.S.C. 1988 and trial by jury.

### COUNT 2- VIOLATION OF 42 U.S.C. 1983- MANDY BIRENBAUM

11. Plaintiff re-states and realleges counts 1-6 as set forth above.
12. On or about July 1, 2022, Plaintiffs applied and paid for a permit for improvements upon their property. Defendants cashed the check for permit and never declined the building permit.
13. Mandy Birenbaum as permitting clerk intentionally declined to officially allow the permit and claimed code violations as a result. At all times Defendant in her official capacity has acted under color of law to deprive Plaintiffs of their constitutional right to use and enjoyment of their property.
14. Through Defendant Birenbaum's violation of 42 U.S.C. 1983 Plaintiffs have suffered damages including diminution of the value of the subject property, loss of business profits on adjacent properties as set forth more fully above, the ability to sell their property for full value and other damages under the law.

WHERFORE, Plaintiffs demands judgment against Defendant, attorney's fees and costs pursuant to 42 U.S.C. 1988 and trial by jury.

   *John W. Dill*
JOHN W. DILL, ESQUIRE
Florida Bar No.: 981680
JOHN W. DILL, PA
941 West Morse Blvd.
Suite 100
Winter Park, FL 32789
Tel. (321) 287-4774
E-Mail: John@johnwdill.com
Counsel for Plaintiff